# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **W. BRAND BOBOSKY**, and<br>**WE NOT ME, LTD**.<br><br>Plaintiffs,<br><br>v.<br><br>**ADIDAS AG d/b/a THE ADIDAS**<br>**GROUP, ADIDAS AMERICA, INC.**,<br>**180LA, LLC, NBA PROPERTIES, INC.**,<br>**NBA MEDIA VENTURES, LLC**,<br>**BANNER SEVENTEEN LLC d/b/a**<br>**THE BOSTON CELTICS**, and<br>**KEVIN GARNETT**,<br><br>Defendants. | Civil Action No. 2:09-cv-302-TJW |

<u>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER**</u>
<u>**JURISDICTION AS TO DECLARATORY JUDGMENT CLAIM; AND FOR**</u>
<u>**FAILURE TO STATE A CLAIM AS TO COPYRIGHT CLAIM AND**</u>
<u>**TRADEMARK CLAIMS AND SUPPORTING MEMORANDUM OF LAW**</u>

# TABLE OF CONTENTS

I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................... 3

II.    SUMMARY OF THE CASE ................................................................ 4

III.   FACTUAL BACKGROUND ................................................................. 5

    A.    WNML's Trademark Applications ................................................ 5

    B.    Plaintiffs' Copyright Registration .............................................. 10

IV.    ARGUMENT AND CITATION OF AUTHORITIES ................................... 10

    A.    Plaintiffs' Declaratory Judgment Claim Should be
          Dismissed for Lack of Subject Matter Jurisdiction ............................... 10

        1.    Legal Standard .......................................................... 10

        2.    Plaintiffs Lack Standing Under the Declaratory
            Judgment Act, 28 U.S.C. § 2201(a) ............................. 11

    B.    Plaintiffs' Copyright Claim Should be Dismissed for
          Failure to State a Claim .......................................................... 14

        1.    Legal Standard .......................................................... 14

        2.    Plaintiffs' Copyright Claim is Barred Under the
            Applicable Law .......................................................... 15

    C.    Plaintiffs' Trademark Claims Should be Dismissed for
          Failure to State a Claim .......................................................... 18

        1.    Legal Standard .......................................................... 18

        2.    Plaintiffs do not Have any Protectable Rights in WE
            NOT ME .................................................................. 19

            a. No Trademark Usage. ............................................. 19

            b. No Priority of Use of WE NOT ME. ...................... 21

    D.    PLAINTIFFS' HYPOCRISY CALLS THEIR CLAIMS
          INTO QUESTION .................................................................. 23

V.     CONCLUSION ............................................................................. 24

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendants, adidas America, Inc. ("adidas"), 180LA, LLC ("180LA"), NBA Properties, Inc., NBA Media Ventures, LLC (collectively referred to as the "NBA Defendants"), Banner Seventeen LLC d/b/a The Boston Celtics (the "Boston Celtics"), and Kevin Garnett ("Garnett") (collectively referred to as "Defendants"),[1] respectfully move to dismiss the First Amended Complaint ("Complaint") filed by Plaintiffs W. Brand Bobosky ("Bobosky") and We Not Me, Ltd. ("WNML")(collectively referred to as "Plaintiffs"), for lack of subject matter jurisdiction as to Count V (the "Declaratory Judgment claim"); and for failure to state a claim as to Count II (the "Copyright claim"), and Counts I, III-IV and VI (the "Trademark claims"), and submit the following memorandum of law in support thereof.

## I.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Pursuant to Local Rule CV-7(a)(1), Defendants provide the following statement of the issues to be decided by the Court:

1.  Whether Plaintiffs' Declaratory Judgment claim should be dismissed for lack of subject matter jurisdiction;

2.  Whether Plaintiffs' Copyright claim should be dismissed for failure to state a claim upon which relief can be granted; and

3.  Whether Plaintiffs' Trademark claims should be dismissed for failure to state a claim upon which relief can be granted.

---

[1] As of the filing of this Motion to Dismiss, Plaintiffs have not effected service of process upon Defendant adidas AG.  Accordingly, adidas AG is not a party to this Motion.  Should Plaintiffs effect service of process upon adidas AG, the Court should expect adidas AG to join in this and other motions which the other Defendants to this action have filed.

3

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

## II.    SUMMARY OF CASE

Plaintiffs' Complaint is comprised of a laundry list of frivolous claims and bare attempts to garner unwarranted publicity and extort money from adidas, 180LA, the NBA Defendants, the Boston Celtics, and Kevin Garnett. These claims present no set of facts upon which Plaintiffs could succeed. Further, leave to re-plead should not be allowed because, as discussed below, any attempt to do so would be futile.

In the instant Motion, Defendants seek dismissal of all claims asserted in this action. These claims relate to Defendants' use of the phrase "We Not Me" and Plaintiffs' contention that such use infringes their purported copyright and trademark rights in the mark **WE NOT ME**, which is the subject of U.S. Trademark Registration No. 3,118,177 and U.S. Copyright Registration No. TX-6-232-073. However, Plaintiffs' position is fundamentally flawed, and in the interest of justice, this case should be dismissed.

Plaintiffs' Declaratory Judgment claim should be dismissed for lack of subject matter jurisdiction. Plaintiffs lack standing to assert a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Additionally, the Declaratory Judgment claim is redundant, in that it merely repeats Plaintiffs' Trademark claims. As a matter of law, Plaintiffs' Copyright claim should be dismissed on the basis that Plaintiffs have failed to state a claim upon which relief can be granted. In their Complaint, Plaintiffs[2] seek to enforce purported rights to a "copyrighted phrase," namely, the title of a work of poetry.

---

[2] In their Complaint, Plaintiffs allege that Bobosky "is the valid owner of all title, rights and interest to each and every asset of We Not Me, Ltd., including but not limited to the 'WE NOT ME' federally registered trademark and copyright." [Complaint, ¶1]. According to the documents attached as Exhibits 1 and 2 to the Complaint, Bobosky is the owner of the copyright registration in question [Complaint, Ex. 2] and WNML is the owner of the trademark registration [Complaint, Ex. 1]. Plaintiffs' statement regarding Bobosky's ownership of "each and every asset" of WNML, therefore, contradicts the ownership status of the registrations at issue in this matter and raises questions as which parties are truly interested in this matter.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

However, because words and short phrases, such as the title of Bobosky's poem, are not afforded copyright protection, the Copyright claim should also be dismissed.

Finally, Plaintiffs do not possess valid trademark rights in the phrase **WE NOT ME**. Plaintiffs simply cannot establish that they have (1) protectable trademark rights in **WE NOT ME** or (2) priority of use of **WE NOT ME**. For these reasons, the Defendants respectfully request that the Court **GRANT** their Motion to Dismiss.

## III.   FACTUAL BACKGROUND

### A.  WNML's Trademark Applications

WNML filed the original trademark application for **WE NOT ME** on August 31, 2004, under the intent-to-use ("ITU") provisions of Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b). WNML asserted a *bona fide* intent to use the mark in respect of "men's, women's and children's clothing, namely, sweatshirts, sweatpants, shirts, tank tops, jeans, jackets, coats, slacks, suits, hats, headbands, visors, caps, dresses, shoes, sneakers, boots, wristbands, socks, t-shirts, belts, undergarments, neckties, dress shirts, collared shirts, rugby [*sic*] shirts, ties, knit shirts, shorts and sandals," in International Class 25.[3]

In seeking registration of **WE NOT ME**, WNML filed a sworn statement ("Statement of Use") on April 3, 2006, representing to the U.S. Patent & Trademark

---

[3] On August 31, 2004, WNML also filed a now-abandoned application for **WE NOT ME**, Application Serial No. 78/476,550 in connection with "greeting cards, stationery, posters, rubber stamps, postcards, calendars, book markers, pencils, pens, decals, stickers, heat transfer decals, note cards, gift wrapping paper, paper party favors, party favor decorations, namely, paper napkins, paper place mats, printed invitations, paper table cloths, paper cake decorations," in International Class 16; "coffee mugs and coffee cups, dishes, beverage ware, bowls, decorative crystal prisms, decorative glassware, figurines made of earthenware, glass, porcelain, terra cotta, decanters and vases," in International Class 21; and "stuffed toy animals, plush toys, Christmas tree ornaments and balloons," in International Class 28. This application was abandoned on February 2, 2009 because WNML was not using the mark as a trademark for any of the goods listed in the application. A true and correct copy of the Notice of Abandonment is attached as <u>Exhibit C</u>.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

Office ("PTO") that WNML first used **WE NOT ME** as a trademark at least as early as October 2004 and that the mark was in use in commerce as of the April 3, 2006 filing of the Statement of Use. In the Statement of Use, WNML swore, at the risk of jeopardizing the validity of any registration issuing as a result of its submission of the Statement of Use, that **WE NOT ME** was in use with respect to *each and every* apparel item listed in its application:

> For International Class: 025, the applicant, or the applicant's related company or licensee, is using the mark in commerce on or in connection with **all goods** and/or services listed in the application or Notice of Allowance.
>
> The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

(emphasis added).  A true and correct copy of the Statement of Use is attached as Exhibit A. WNML's statements in the Statement of Use were blatantly false. In support of its statement that **WE NOT ME** was being used as a trademark in connection with "all goods" listed in its application, WNML submitted a photograph of a hat, identified as "product labeling," which purportedly showed use of **WE NOT ME** as a trademark. A true and correct copy of the sample of use ("specimen") submitted with the Statement of Use is attached as Exhibit B.  In fact, as detailed herein, the merely decorative and ornamental use of the phrase "WE NOT ME" on the back of a baseball cap does not

evidence trademark use entitling a trademark applicant to a registration.[4] The PTO accepted WNML's sworn statement and granted WNML a registration certificate in July 2006.

On March 27, 2008, WNML filed a Post-Registration Amendment requesting the deletion of virtually every item identified in the **WE NOT ME** registration and restricting the identification of goods to merely "hats." WNML had no choice but to seek this amendment because WNML had falsely included in its Statement of Use numerous goods that Plaintiffs had never offered for sale: Men's, women's and children's clothing, namely, sweatshirts, sweatpants, shirts, tank tops, jeans, jackets, coats, slacks, suits, headbands, visors, caps, dresses, shoes, sneakers, boots, wristbands, socks, t-shirts, belts, undergarments, neckties, dress shirts, collared shirts, rugby shirts, ties, knit shirts, shorts and sandals. A true and correct copy of the Post-Registration Amendment is attached as Exhibit D. On July 22, 2008, the PTO issued a corrected registration certificate to WNML.[5] A true and correct copy of the corrected certificate, reflecting the status of WNML's trademark registration as of the filing of this action, is attached as Exhibit E.

WNML filed a subsequent trademark application on March 19, 2008. This newer application, also for **WE NOT ME**, was an ITU application based upon WNML's alleged *bona fide* intent to use the phrase as a trademark in connection with "hats,

---

[4] Defendant adidas America has petitioned the PTO to cancel WNML's trademark registration on this very basis, among other bases.

[5] It should be noted that the trademark registration asserted by Plaintiffs in their Complaint is the originally-issued version of the registration, listing all the items originally included in the registration. Notwithstanding the PTO's issuance of an amended registration certificate some 14 months prior to the initiation of this litigation, Plaintiffs and their counsel willfully neglected to attach a document evidencing the current status of the trademark at issue in this dispute.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

clothing, namely, shirts, and footwear," in International Class 25. Through this 2008 filing, WNML sought to register the same mark for, *inter alia*, the same goods identified in its existing registration, namely hats, along with goods it had canceled from its existing registration – shirts and footwear (shoes, sneakers, boots, sandals).

On November 10, 2009, WNML filed a Statement of Use in connection with the March 2008 application, alleging that **WE NOT ME** has been in use since as early as October 2004 in connection with "hats," and since as early as October 7, 2009 in connection with "clothing, namely, shirts, and footwear." WNML submitted "product literature and ordering information" from Plaintiffs' website as evidence of these purported uses. True and correct copies of the Statement of Use and specimens submitted are attached as <u>Exhibit F</u>. By alleging a first use date of October 7, 2009 on shirts, WMNL admitted that it cannot assert a valid trademark claim against Defendants, as Defendants' decorative use of the phrase "We Not Me" pre-dates this first use date by some two years.

WNML's contradictory actions regarding **WE NOT ME** raise numerous questions. For instance, it defies all logic for WNML file an intent to use application for a mark it subsequently asserted had been in use some 3 ½ years prior to its filing. Further, it is nonsensical that WNML include "hats" in a second application when it already owned a registration for the same exact mark for "hats." These contradictory actions raise serious doubts as to the veracity of WNML's statements and the validity of its alleged trademark rights. These actions, coupled with certain allegations in the Complaint, paint Plaintiffs into a corner from which their claims cannot escape intact.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

As detailed herein, WNML's two Statements of Use alleging two different first-use dates of WE NOT ME on "shirts" – October 2004 and subsequently October 2009 – clearly support Plaintiffs' admission, discussed herein, that Defendants - not Plaintiffs - were the first to use WE NOT ME in connection with shirts, whether or not such use rises to the level of trademark use.

On June 12, 2008, prior to submitting the second Statement of Use to the PTO, Bobosky sent adidas correspondence and documents detailing Plaintiffs' use of **WE NOT ME** and their purported infringement claims against adidas. A redacted copy of the correspondence (settlement discussions are redacted) and documents received from Bobosky are attached as <u>Exhibit G</u>. In the correspondence, Bobosky described in painstaking detail every purported use of **WE NOT ME**.

Bobosky included articles about himself from local newspapers and photographs of his various uses of the phrase, namely: (a) on pins during his presidency of The Rotary Club of Naperville, (b) on key-chains with the Rotary International logo, (c) on his family's personal Christmas cards, (d) on his personal license plate for his automobile, (e) in community postings in *Positively Naperville*, his local newspaper, (f) on souvenir beer cups for the Naperville Rotary Club,[6] (g) on baseball caps, (h) lapel pins, (i) money clips, (j) golf ball markers, (k) bow ties, all of which he distributed locally, and (l) as the

---

[6] Bobosky's affiliation with the Rotary Club and the various uses of **WE NOT ME** in affiliation with Rotary Club activities calls into question whether the Rotary Club may in fact have some sort of ownership interest in Plaintiffs' alleged trademark rights or, alternatively, whether the Rotary Club has been granted some sort of naked license subjecting the alleged trademark to attack based on a failure to control theory. Although not necessarily an issue to be addressed at this juncture, it is yet another apparent vulnerability in Plaintiffs' alleged rights.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

title of a song he commissioned. *See* <u>Exhibit G</u>, Section 3(a). None of the uses illustrated in Bobosky's tome rise to the level of trademark use.

### B. Plaintiffs' Copyright Registration

On August 31, 2005, Bobosky filed a copyright application with the U.S. Copyright Office, seeking protection of a poem titled "We Not Me." [Complaint, Ex. 2]. Bobosky alleged that the text of the poem was first published on June 25, 2000. On September 7, 2005, the Copyright Office registered the work ***titled*** "We Not Me" and issued Copyright Registration No. TX-6-232-073 for the work. A true and correct copy of the poem submitted to the Copyright Office as a deposit material is attached as <u>Exhibit H</u>. Contrary to Plaintiffs' allegations, Bobosky owns a copyright registration for the entire poem, not just its title.

## IV. <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

### A. PLAINTIFFS' DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

#### 1. <u>Legal Standard</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for lack of jurisdiction over the subject matter. A motion to dismiss for lack of subject matter jurisdiction must be considered by the Court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by

undisputed facts and the court's resolution of disputed facts." *Full Sail, Inc. v. Dauben, Inc.*, 2008 U.S. Dist. LEXIS 47278, *5 (N.D. Tex. 2008), *citing MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the claim. *Massingill v. Stream, LTD.*, 2009 U.S. Dist. LEXIS 91959 (N.D. Tex. 2009)(dismissing claim for lack of subject matter jurisdiction).

Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). Here, Plaintiffs bear the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. Tex. 2009), *citing New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

## 2. Plaintiffs Lack Standing Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a)

Plaintiffs' Declaratory Judgment claim should be dismissed for lack of subject matter jurisdiction because Plaintiffs lack standing to assert a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act requires an "actual controversy" between the parties to the declaratory judgment action:

> The declaratory judgment plaintiff must establish that this requirement was satisfied at the time the complaint was filed--post-filing conduct is not relevant.

*Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004). The Supreme Court directs that the dispute must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character. *Vantage Trailers, Inc.*, 567 F.3d at 749, *citing MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Id., citing MedImmune*, 549 U.S. at 127 ("In evaluating the justiciability of a declaratory judgment suit, courts must require a definite and concrete dispute, remembering the prohibition against an opinion advising what the law would be upon a hypothetical set of facts.").

To assess standing in declaratory judgment suits, the Fifth Circuit has traditionally applied a two-part test that requires the declaratory plaintiff to show:

> (1) an explicit threat or other action by the [holder of a patent or trademark], which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Vantage Trailers, Inc.*, 567 F.3d at 749, *citing Texas v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989)(brackets in original).

> A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action a declaratory judgment defendant may have against a declaratory judgment plaintiff. The concepts of adverse legal rights and legal risk, used to describe the standard for jurisdiction require that there be an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff has preempted it. Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a

legally cognizable interest sufficient to confer declaratory judgment jurisdiction.

*Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007). *See also AMX Corp. v. Pilote Films*, 2007 U.S. Dist. LEXIS 40684 (N.D. Tex. 2007)(dismissing claim for declaratory relief on the basis that the claim is redundant of another pending cause of action and is moot); *Healthpoint, Ltd. v. River's Edge Pharms., L.L.C.*, 2005 U.S. Dist. LEXIS 3646 (W.D. Tex. 2005)(dismissing cause of action for declaratory judgment); *Kinetic Concepts, Inc. v. Connetics Corp.*, 2004 U.S. Dist. LEXIS 17969 (W.D. Tex. 2004)(granting motion to dismiss declaratory judgment claim).

Applying this law to the instant facts, Plaintiffs lack standing to assert a claim under the Declaratory Judgment Act. First, it is undisputed that it was Plaintiffs, not Defendants, who sent demand letters, alleging trademark and copyright infringement. In their demand letters, Plaintiffs made it clear that they allege ownership rights in trademarks and copyrights related to **WE NOT ME**.  In responding to Plaintiffs' demand letters, none of the Defendants threatened Plaintiffs with litigation. Therefore, Plaintiffs cannot now claim that there was "an explicit threat" made by the Defendants which created "a reasonable apprehension" that *Plaintiffs* would later "face an infringement suit." Second, Plaintiffs cannot point to any "present activity" that they have engaged in "which could constitute infringement."[7]

There is no colorable argument that Plaintiffs are entitled to declaratory relief because their claim is nothing more than a regurgitation of their trademark infringement

---

[7] Regardless of whether they have threatened Plaintiffs with litigation, Defendants expressly reserve any and all rights to assert counterclaims in this dispute, should such action become timely and appropriate.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

allegations. Accordingly, Plaintiffs have failed to meet their burden to establish standing under the Declaratory Judgment Act, and their Declaratory Judgment claim should be dismissed for lack of subject matter jurisdiction.

## B. PLAINTIFFS' COPYRIGHT CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### 1. Legal Standard

Under Rule 12(b)(6), a case must be dismissed when the allegations asserted in the complaint "fail[] to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations. *See Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998); *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 650 (E.D. Tex. 1999).

A plaintiff must plead specific facts in his complaint; conclusory allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss:

> When the Complaint contains inadequate factual allegations, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [page] (2007). *See also Dell, Inc. v. This Old Store, Inc.*, 2007 U.S. Dist. LEXIS 47818 (S.D. Tex. 2007)(granting defendant's motion to dismiss for failure to state a claim). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass n*, 987 F.2d 278, 284 (5th Cir. 1993). Accordingly, dismissal is proper when "even the most sympathetic reading of [the]

pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

In the instant case, Plaintiffs' copyright infringement claim should be dismissed because they failed to properly allege a cause of action upon which relief can be granted, as detailed below.

## 2. Plaintiffs' Copyright Claim is Barred Under the Applicable Law

Count II of Plaintiffs' Complaint alleges that the Defendants have infringed Plaintiffs' "copyrighted phrase 'WE NOT ME.'" [Complaint, ¶¶ 66-68]. Words and short phrases, such as names, titles and slogans, are not afforded copyright protection. Therefore, Count II of the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

Courts have consistently made clear that claims based on the types of allegations such as those set forth in Plaintiffs' Copyright claim are to be immediately dismissed. *See, e.g. Lewinson v. Holt*, 2009 U.S. Dist. LEXIS 87652 (S.D.N.Y. 2009), *citing Moody v. Morris*, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009) ("[I]t is axiomatic that words, short phrases, titles, and slogans are not subject to copyright, even if they can be trademarked"); *Ventures Educ. Sys. Corp. v. Prof'l Dev. Assocs., Inc.*, 2008 U.S. Dist. LEXIS 58094, *3 (S.D.N.Y. 2008) ("There is . . . no copyright protection for titles, words, or ordinary phrases."); 2 McCarthy on Trademarks & Unfair Competition ("McCarthy") § 10:34 (4th ed. 2009) ("[T]he title alone of a literary work cannot be protected by copyright law…and the copying of a title alone, and not the plot, characterizations, dialogue, song, etc., is not the subject of copyright law.").

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

The instant facts are virtually identical to those addressed in *Compliance Review Servs. v. Davis-Osuawu*, 2006 U.S. Dist. LEXIS 58034, *12 (S.D. Tex. 2006), in which the plaintiff allegedly owned a valid copyright registration for policy manuals and asserted a claim of copyright infringement against the defendant. However, as in this case, the plaintiff did not allege that the defendant infringed the copyrighted policy manuals themselves; rather, the plaintiff alleged that the defendant improperly used the *title* of the plaintiff's works. *Id*. In considering the defendant's motion to dismiss, the District Court held that:

> **a name…is not a 'work of authorship" subject to copyright protection within the meaning of 17 U.S.C. § 102, nor does it constitute a compilation or derivative work also afforded copyright protection**. *See, e.g.*, 17 U.S.C. § 102(a) (listing those "works of authorship" that are subject to protection under the Copyright Act); 37 C.F.R. § 202.1(a)(2001) (stating that "[w]ords and short phrases such as names, titles, and slogans" are "works not subject to copyright"); *Taylor v. IBM*, 54 Fed. Appx. 794, at *1 (5th Cir. Dec. 10, 2002) (unpublished) (affirming dismissal of plaintiff's copyright infringement claim for phrase "pre paid cash cards" because **"[t]he Copyright Act does not protect fragmentary words or short phrases**," and plaintiffs as such "**failed to show that any allegedly copied text was copyrightable**."); *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 544 (2d Cir. 1959) ("Brand names, trade names, slogans, and other short phrases or expressions cannot be copyrighted, even if they are distinctively arranged or printed.").

*Id.*(emphasis added). Taking the plaintiff's allegations as true, the Court properly determined that the plaintiff had failed to state a claim for copyright infringement against the defendant and dismissed the claim. The result should be no different in this case.

Plaintiffs' Complaint contains no reference to any specific "copyrighted" material that was purportedly infringed other than the "copyrighted phrase 'WE NOT ME.'" [Complaint, ¶ 66-69]. However, the relevant copyright regulation, 37 C.F.R. § 202.1,

clearly states that "words and short phrases such as names, titles, and slogans" are "examples of works not subject to copyright [protection]..."[8] *See also Apollo Theater Found., Inc. v. Western Int'l Syndication*, 2005 U.S. Dist. LEXIS 7955, *16 n.13 (S.D.N.Y. 2005)(With respect to titles in particular, "[o]wning the copyright on a work[ ] 'does not carry with it the exclusive right to use of the title on any other work,'" but rather, "'the only legal protection for literary titles lies in the field of trademarks and unfair competition."). Therefore, as is true with virtually any slogan, the phrase "WE NOT ME" is simply not subject to any independent copyright protection.

Even if Plaintiffs were to amend their claim to allege infringement of the *underlying work*, rather than just the "copyrighted phrase WE NOT ME," they would not be able to support this claim either. As demonstrated by the deposit material shown below, which is the entire work that is the subject of the copyright registration asserted by Plaintiffs, the phrase "We Not Me" appears only as the title of the work[9]:



---

[8] "The Copyright Office's practice of denying registration to words and phrases dates back to at least 1899." *New York Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 389 F. Supp.2d 527, 543 n.12 (S.D.N.Y. 2005) (citing *Southco, Inc. v. KanebridgeCorp.*, 390 F.3d 276, 285-86 (3d Cir. 2004)).

[9] As with their omission of the current version of the trademark registration at issue in this lawsuit, Plaintiffs also conveniently failed to include the poem which is the subject of their purported copyright registration as an exhibit to the Complaint. Given the legal effect of the entire work on their copyright claim, this omission is not a surprise.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

This is confirmed by Bobosky's copyright registration, which identifies the <u>title</u> of the work as "We Not Me." *See* <u>Exhibit G</u>. Defendants' only accused "use" of any portion of the copyrighted work was their alleged use of the phrase "We Not Me." As Plaintiffs cannot protect the title of their poem or the individual words of the phrase "We Not Me" through the copyright registration at issue, they cannot properly state a claim for copyright infringement when the entirety of the claim is limited to Defendants' alleged misuse of **only** the title of the copyrighted work, not the work as a whole.

Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to this issue and their Copyright claim should be dismissed.

## C. PLAINTIFFS' TRADEMARK CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### 1. <u>Legal Standard</u>

To prevail on a trademark infringement claim under the Lanham Act,[10] Plaintiffs must show both that: (1) they hold a valid, protectable mark that has priority of use; and (2) the alleged infringer's imitating mark is likely to cause consumer confusion, or to cause mistake, or to deceive. *American Rice, Inc. v. Producers Rice Mill, Inc* 518 F.3d 321, 329 (5th Cir. 2008). Here, Plaintiffs cannot establish the first essential element of their trademark infringement claim; that is, they cannot establish either: (a) valid, protectable rights in **WE NOT ME**; or (b) priority of use, or first use in connection with

---

[10] The trademark analysis set forth herein is identical for all of Plaintiffs' trademark claims. *Dallas Cowboys Football Club, Ltd. v. Am.'s Team Props.*, 616 F. Supp. 2d 622, 637 (N.D. Tex. 2009), *citing Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513, 1554 (S.D. Tex. 1996)

certain goods.[11]  Thus, Plaintiffs' purported **WE NOT ME** trademark is unenforceable and should be invalidated.  As a result, the Court should dismiss Plaintiffs' Trademark claims because they do not have valid trademark rights.

### 2. <u>Plaintiffs do NOT Have any Protectable Rights in WE NOT ME</u>

#### a. No Trademark Usage

Plaintiffs' trademark claims should be dismissed because they do not own any valid trademark rights in the phrase **WE NOT ME**.  Plaintiffs' only purported uses of **WE NOT ME** are ornamental and decorative in nature.  Such uses do not rise to the level of lawful trademark use entitling Plaintiffs to claim any rights in or to **WE NOT ME**.

Plaintiffs' alleged use of the phrase "We Not Me" in connection with apparel, namely the display of the phrase on a hat, t-shirt and flip-flops, does not perform the trademark function of identification of source or origin because it is used only as decoration or ornamentation. Simply using the phrase "We Not Me" on the design of an item of clothing does not constitute trademark use; in fact, the opposite is true. *See Go Pro, Ltd. v. River Graphics, Inc.*, 2006 U.S. Dist. LEXIS 23067 (D. Colo. 2006).  In *Go Pro*, the district court found that, despite extensive use, the plaintiff had no valid or legally protectable rights to the phrase "Here Fishy, Fishy," as used on t-shirts and hats because the plaintiff was not using the designation as a trademark.  *Id.* at *3-4.  The Court

---

[11] Defendants expressly reserve the right to establish that their use of "We Not Me" in a decorative and ornamental manner does not constitute trademark infringement when and if this matter proceeds to a point where such discussions are appropriate.  For purposes of the instant motion, it is Defendants' position that Plaintiffs do not own trademark rights to enforce and, therefore, it is not necessary to address the infringement analysis.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

correctly concluded that the mere use of the phrase "Here Fishy, Fishy" displayed on the front of t-shirts and hats, as shown below, does not perform the trademark job of identification, because the phrase is used only as decoration or ornamentation.



Similarly, here, the only evidence of use of the phrase "We Not Me" by Plaintiffs is merely ornamental and "does not perform the trademark job of identification." *Id.* at *3. Thus, like the "Here Fishy, Fishy" shirt above, the hat and t-shirt produced by Plaintiffs and submitted to the PTO simply depicts "We Not Me" splashed across these apparel items as ornamentation:



In fact, the shirt offered for sale by Plaintiffs is actually labeled "PORT AND COMPANY" and the hat contains a label for "HITWEAR®." *See* Exhibit B and Exhibit

F. Based on this non-trademark use, Plaintiffs cannot claim protectable rights in the **WE NOT ME** mark in connection with clothing items. **WE NOT ME** is not the "brand" that consumers associate with the shirts and hats which Plaintiffs purportedly sell. To the contrary, **WE NOT ME** is merely the decoration appearing on a PORT AND COMPANY-branded t-shirt and a HITWEAR-branded hat that Plaintiffs sell on their website.

Furthermore, despite Bobosky's detailed description of each of his uses of the phrase, distributing hats, pins, key chains or souvenir cups to members of the Rotary Club in Naperville, Illinois does not constitute use of the phrase in commerce. Purely intrastate use does not provide a basis for federal registration. *See* Trademark Manual of Examination Procedures ("TMEP") §901.03 (true and correct copy of relevant portion attached as Exhibit I). Coupled with the merely decorative, non-trademark use of the phrase by Plaintiffs, Plaintiffs' position is weakened by the fact that their only documented uses of the phrase are uses within a single state's borders.

### b. Plaintiffs Lack Priority of Use of WE NOT ME

In addition to not having used the phrase as a trademark, Plaintiffs do not have priority of use of the phrase "We Not Me." Since Plaintiffs admit that, as between Plaintiffs and Defendants, they were not the first to use the phrase "We Not Me" in connection with shirts, they cannot legally claim trademark rights in the phrase in connection with shirts.

In their Complaint, Plaintiffs allege that Defendants' accused use of "We Not Me" commenced on October 1, 2007:

> The adidas **press release dated October 1, 2007** … expressed the slogan of "WE NOT ME" . . . .
>
> **The press release was the beginning of the world wide public infringement** of Bobosky's "WE NOT ME" trademark and copyright.

[Complaint, ¶¶ 46 and 47 (emphasis added)]. By Plaintiffs' own admission, Defendants' accused conduct commenced October 1, 2007. In the November 10, 2009 Statement of Use, WNML swore that it first used **WE NOT ME** on "shirts" on October 7, 2009, over **two years after** Defendants' accused conduct commenced.[12] Therefore, as a matter of law, Plaintiffs cannot assert trademark infringement claims against parties whose use predates Plaintiffs' use:

> [f]iling any application for registration …, including an intent-to-use application, constitutes constructive use of the mark, provided the application matures into a registration. **Upon registration, filing affords the applicant nationwide priority over others, except: (1) parties who used the mark before the applicant's filing date…**

TMEP § 201.02 (emphasis added). Plaintiffs admit that Defendants used "We Not Me" on shirts before Plaintiffs - either constructively as of March 2008 or actually as of October 2009 - used the phrase on shirts. Based on this admission, WNML is not afforded priority over Defendants. *Id.* Accordingly, Plaintiffs cannot pursue a trademark

---

[12] Because WNML's March 2008 application was an intent-to-use ("ITU") based application, WNML's priority date for "shirts" will be the March 2008 filing date of the application, not the October 7, 2009 date of first use. Trademarks which are the subject of ITU-based registrations, when issued, are deemed to have been used as trademarks as of the filing date of the application. *See* 15 U.S.C. § 1057(c)("The filing of the application to register…shall constitute constructive use of the mark."); ("). Even with this benefit, WNML's priority date still falls over 5 months after Plaintiffs admit Defendants commenced their allegedly wrongful activities.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

infringement action against the parties they admit, in their Complaint, began use of the phrase before Plaintiffs.[13]

In summary, Plaintiffs have never used "We Not Me" in a trademark manner and therefore do not own trademark rights in the phrase. By their own admission, Defendants' alleged misconduct pre-dates Plaintiffs' purported rights to "We Not Me" in connection with "shirts," estopping Plaintiffs from claiming superior rights in the phrase. Accordingly, Defendants request that this Court **GRANT** their Motion and dismiss Plaintiffs' Trademark claims.

## D. PLAINTIFFS' HYPOCRISY CALLS THEIR CLAIMS INTO QUESTION.

In addition to the fact that Plaintiffs hold neither copyright or trademark rights enabling them to state valid claims against the Defendants, Plaintiffs have readily admitted that the actions of at least one of the Defendants "support" their "We Not Me Movement" rather than infringe their purported trademark. Incredibly, Plaintiffs, on their website, list – *twice* – at least one of the Defendants, adidas, as a "supporter" of the "We Not Me Movement."[14] True and correct copies of relevant pages from Plaintiffs' website are attached as <u>Exhibit J</u> (references to adidas appear on pages 2 and 6). These wholly inconsistent actions of (1) listing adidas as a supporter and (2) bringing a lawsuit against

---

[13] Defendants contend that their use of "We Not Me" is merely an ornamental or decorative use of a phrase on an adidas-branded t-shirt. However, to the extent that Plaintiffs claim Defendants' use of the phrase is <u>not</u> merely ornamental or decorative, their admission that Defendants used the phrase on shirts before Plaintiffs' first use on shirts thwarts their position, as detailed herein.

[14] Plaintiffs also promoted their alleged "support" from adidas in the local newspaper *Positively Naperville* over a year prior to filing this lawsuit. *See* <u>Exhibit G</u>, Section 3(a), Attachment 7, last page.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

adidas for the conduct which led adidas to be considered a supporter cannot be reconciled.

Plaintiffs' hypocritical actions – Plaintiffs are speaking out of both sides of their mouths – are not the same as the legally-recognized theory of pleading in the alternative. Plaintiffs are trading on the world-renowned fame of the adidas brand in an effort to garner attention for their so-called "movement" on the one hand, seeking to benefit from a perceived association with adidas. At the same time, Plaintiffs have the audacity to tell this Court that adidas seeks to trade on some imagined goodwill that Plaintiffs claim to own in a 3-word phrase Plaintiffs have never used in a trademark manner and in which they own no valid copyright rights. Plaintiffs' conflicting positions are nonsensical and irreconcilable. Defendants respectfully request that each and every claim against them be dismissed.

## V.    **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court **GRANT** their Motion to Dismiss. The Court lacks subject matter jurisdiction over Plaintiffs' Declaratory Judgment claim, and Plaintiffs fails to state claims as to their Copyright and Trademark claims.

Dated: December 17, 2009                                  Respectfully submitted,

                                                                          **LOTT & FRIEDLAND, P.A.**

                                                                          By:/s/ Jaime Rich Vining_____
                                                                          David K. Friedland (admitted *pro hac vice*)
                                                                          dkfriedland@lfiplaw.com
                                                                          Jaime Rich Vining (admitted *pro hac vice*)
                                                                          jrvining@lfiplaw.com
                                                                          Lott & Friedland, P.A.
                                                                          355 Alhambra Circle, Suite 1100

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

Coral Gables, FL 33134
Telephone:  305.448-7089
Facsimile:  305.446-6191

and

Michael E. Jones, Texas Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON P.C.**
P.O. Box 359
Tyler, TX  75710-0359
Telephone:  903.597-8311
Facsimile:  903.593-0846
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Stephen Woodrow Drinnon**
The Drinnon Law Firm
1700 Pacific Avenue
Suite 2230
Dallas , TX 75201
Email: stephen@drinnonlaw.com

*Service via CM/ECF Notices of Electronic filing*

__s/Jaime Rich Vining_____
Jaime Rich Vining

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier