IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| W. BRAND BOBOSKY and | § | |
| WE NOT ME, LTD., | § | |
|     Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2:09-CV-302-TJW |
| v. | § | |
| | § | |
| ADIDAS AG d/b/a THE ADIDAS GROUP, | § | |
| et al, | § | |
|     Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Reconsideration [Dkt. No. 48] and Defendants' Motion to Strike Plaintiffs' Motion for Reconsideration. [Dkt. No. 50] For the reasons set forth below, both Plaintiff's and Defendants' motions are DENIED.

This Court entered an order on April 12, 2010 transferring the case to Oregon pursuant to 28 U.S.C. § 1404(a). [Dkt. No. 46] The Court found that "Defendants, as well a majority of the witnesses, are in the District of Oregon [and] Marshall, Texas has no meaningful connection to this lawsuit". *Id.* Plaintiff opposed transfer, but did not request the court to transfer the case to its home forum if the Court found transfer to be appropriate. Plaintiff has requested leave to amend its complaint to assert Illinois state law causes of action and now asks the Court to transfer the case to the Northern District of Illinois.

The party moving for reconsideration must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Mere disagreement with a district court's order does not warrant reconsideration. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D.Tex.2002), aff'd, 402 F.3d 489 (5th Cir.2005). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before . . . ." *Templet v. Hydrochem, Inc.*, 367

F.3d 473, 479 (5th Cir.2004). Here, Plaintiff belatedly raises a new argument, namely that transfer to the Northern District of Illinois is appropriate, which could have been raised before the Court entered its order. When Plaintiff opposed the transfer motion, it knew that it had a strong connection to the Northern District of Illinois but declined to bring that to the Court's attention. Plaintiff does not present newly discovered evidence or demonstrate any error in the Court's previous order, let alone a *manifest error*. In its opposition to Defendants' transfer motion, Plaintiff was obligated to raise all of its grounds for opposition, including offering an alternate proposed forum. Plaintiff's motion is therefore DENIED.

Having reconsidered the Court's prior order transferring the case, Defendants' motion is now moot and is accordingly DENIED.

It is SO ORDERED.

SIGNED this 24th day of May, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE